UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROLANDA SCHMIDT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNIVERSITY OF NORTHWESTERN-<br>ST. PAUL, et al.,<br><br>　　　　Defendant. | Case No. 23-CV-2199 (JRT/JFD)<br><br>**ORDER ON PLAINTIFF'S<br>MOTION TO COMPEL** |

　　　　This matter is before the Court on Plaintiff Rolanda Schmidt's Motion to Compel (Dkt. No. 46). This Court held a motions hearing on October 30, 2024, at which Damon Ward represented Plaintiff, and Richard Landon and Kristen Stock represented Defendants University of Northwestern-St. Paul and the individual defendants associated with the University (collectively, "University"). (Oct. 30 Hr'g Mins. at 1, Dkt. No. 58.) Though fashioned as a Motion to Compel, the primary relief that Dr. Schmidt seeks is an extension of the discovery deadline, which she asserts she requires to adequately notice and take the Fed. R. Civ. P. 30(b)(6) deposition of a corporate representative. As such, the Court will construe the motion as one to amend the scheduling order by extending the discovery deadlines, rather than one to compel a Rule 30(b)(6) deposition.

　　　　Considering the severe health issues that Dr. Schmidt's counsel, Mr. Ward, has had in recent months, the history of extensions that the Court has issued in this case, and the case's current procedural posture, the Court denies Dr. Schmidt's Motion.

## BACKGROUND

I. **Procedural History**

The discovery deadlines in this case have been adjusted several times. Originally, after the parties' Rule 16 Pretrial Conference with the Court, the Court ordered that discovery would occur in two stages. First, the parties would conduct discovery on the limited issue of whether the ministerial exception[1] applied to the employment relationship between Dr. Schmidt and the University, after which the parties would most likely brief motions for summary judgment on that potentially case-dispositive issue before Judge John R. Tunheim. (Mar. 13 Scheduling Order 1–2, Dkt. No. 27.) If any claims continued beyond summary judgment on the application of the ministerial exception, a second phase of discovery on the merits of Dr. Schmidt's claims would be scheduled. (*Id.*)

Under the original Scheduling Order, fact discovery was set to close on July 1, 2024. (*Id.*) On that date, the parties submitted a stipulation and joint motion to extend that deadline, citing "unexpected health emergencies." (July 1 Stipulation 1, Dkt. No. 28.)

---

[1] The so-called "ministerial exception" is a principle of United States constitutional law that generally states that the First Amendment's Religion Clauses protect "the right of religious institutions 'to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine.'" *Our Lady of Guadalupe School v. Morrissey-Berru*, 591 U.S. 732, 737 (2020) (quoting *Kedroff v. Saint Nicholas Cathedral of Russian Orthodox Church in North America*, 344 U.S. 94, 116 (1952)). This principle has been applied to the employment relationships between religious schools and their teacher-employees, exempting them from liability under various employment discrimination laws. *See id.* The applicability or non-applicability of the ministerial exception is likely to be a dispositive issue in this case, but the present motion does not directly implicate the ministerial exception. The Court makes no finding as to the applicability or non-applicability of the ministerial exception to the merits of Dr. Schmidt's motion to extend the discovery deadlines to allow the taking of a 30(b)(6) deposition.

Finding good cause for the requested relief, the Court granted that motion and extended the fact discovery deadline to August 15, 2024. (First Am. Pretrial Scheduling Order 2, Dkt. No. 30.) On August 8, the parties again filed a stipulation and motion for extended deadlines, citing "additional medical issues [which] have compromised Plaintiff counsel's health as well as the referenced schedule." (Aug. 8 Stipulation 1–2, Dkt. No. 33.) Again finding good cause, the Court granted the motion and extended the fact discovery deadline to September 6, 2024 and the deadline for dispositive motions to October 6. (Aug. 12 Order 2, Dkt. No. 35.) Both of those dates passed without a filing from either party.

On October 7, 2024, as anticipated but one day late, the University moved for Summary Judgment on the applicability of the ministerial exception to the employment relationship between Dr. Schmidt and the University. (Mot. for Summ. J. 1, Dkt. No. 38.) On the same day, Dr. Schmidt filed the present motion to extend discovery to allow her attorney to take the 30(b)(6) deposition of a corporate representative of the University. (Mot. to Compel, Dkt. No. 38.) Because that motion did not comply with D. Minn. LR 7.1 in several respects, the Court returned the motion to Dr. Schmidt for a second attempt, and a compliant motion was not filed until October 11. (Am. Motion to Compel, Dkt. No. 46.)

According to the University, Mr. Ward did not serve the University with the notice required under Fed. R. Civ. P. 30(b)(6) until September 5, the day before the close of discovery, despite multiple requests by the University to serve such a notice dating back to June. (Def.'s Mem. in Opp. 9, Dkt. No. 55.) The 30(b)(6) notice stated that the deposition would occur the following day, but the cover email from Mr. Ward stated "new surgeries have continued to waylay my ability to be more efficient on this matter and I have

suggested an extension." (*Id*.) As stated above, the Court received no such "suggestion" (which would, if filed and served, have taken the form of either a motion or a stipulation (depending on whether the request was contested) for an extension of fact discovery). No request was received until Dr. Schmidt filed this motion for an extension and to compel the corporate representative deposition, over a month after the discovery deadline passed.

As the case stands now, the University has filed its summary judgment motion, and Dr. Schmidt has failed to respond to that motion within the time required by the Rules.[2]

## II. Mr. Ward's Health Complications

The delays in this case have been understandable to this point. Mr. Ward, Dr. Schmidt's attorney, has experienced some very significant health problems in recent months that the Court recognizes have impeded his ability to effectively conduct discovery. The Court was not aware of the extent and nature of his health complications until he provided those details in briefing materials on this motion. It would be improper to discuss further details of Mr. Ward's condition here beyond saying that a series of maladies have befallen Mr. Ward in recent months requiring extensive treatment and recovery. Mr. Ward now submits that his health is such that he can continue his work on this matter, and there is no reason for the Court to assume otherwise. The Court sympathizes with Mr. Ward's condition and wishes him the best as he continues to recover.

---

[2] For completeness, the Court notes that the University's Motion for Summary Judgment and accompanying documents were filed a day late. The appropriateness of that filing is not within the scope of the present motion, and the issues surrounding that motion's timeliness and that of Dr. Schmidt's response will if necessary be addressed in due course by Judge Tunheim.

Mr. Ward took several steps throughout the summer to minimize the impact of his illness on the discovery process and was able to communicate with counsel for the University to request two deadline extensions while he was incapacitated. He also arranged for substitute counsel to defend Dr. Schmidt's deposition on September 5, while he was attending to his health matters. His substitute counsel, Samuel C. Henry, was admitted *pro hac vice* on July 30, 2024 and remains listed as counsel of record in this matter. (July 30 Order, Dkt. No. 32.) In her brief, Dr. Schmidt states that Mr. Henry was retained only for the limited purpose of defending her deposition on September 5, but neither Mr. Henry nor Mr. Ward have moved for his withdrawal from the case even though the deposition Mr. Henry was engaged to defend has been completed. (Pl.'s Mem. in Supp. 3, Dkt. No. 47.)

## **LEGAL STANDARD & DISCUSSION**

Federal courts "do not take case management orders lightly." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). A pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006). District of Minnesota Local Rule 16.3 also governs modifications to a scheduling order. "A party that moves to modify a scheduling order must: (1) establish good cause for the proposed modification: and (2) explain the proposed modification's effect on any deadlines." D. Minn. LR 16.3(b). If the party asks to modify any discovery deadlines, "the party must also: (1) describe what discovery remains to be completed; (2) describe the discovery that has been completed; (3) explain why not all discovery has been completed; and (4) state how long it will take to

complete discovery." D. Minn. LR 16.3(c). As one of the only tools available to effectively manage the enormous number of cases that the Court has on its docket, the Court amends these orders, especially multiple times (as in this case), only for compelling reasons.

Mr. Ward has been very sick, and the Court understands that ultimately, an attorney's health takes precedence over that attorney's discovery responsibilities. The Court does not fault Mr. Ward for his decision to focus on his health. However, an attorney has an ethical obligation to the attorney's client to "act with reasonable diligence and promptness." Minn. R. of Prof. Conduct 1.3. The commentary to Rule 1.3 contemplates that observing the rule might mean that attorneys who are sole practitioners may need to put in place contingency plans in the event they cannot perform the work required in their cases.[3]

In this case, when Mr. Ward became unable to perform his duties, no such plan was in place and Mr. Ward failed to adequately communicate his disability to opposing counsel or to the Court. During this time, however, he was able to perform work on other cases and to retain co-counsel for assistance with Dr. Schmidt's deposition. Despite the fact that co-counsel, Mr. Henry, remains counsel of record and is designated as Lead Counsel on this case, he made no effort to notice a corporate representative deposition or move to have the deadlines for that deposition extended before the first phase of discovery closed.

---

[3] Comment 5 to Minn. R. of Prof. Conduct 1.3 states, "To prevent neglect of client matters in the event of a sole practitioner's death or disability, the duty of diligence may require that each sole practitioner prepare a plan, in conformity with applicable rules, that designates another competent lawyer to review client files, notify each client of the lawyer's death or disability, and determine whether there is a need for immediate protective action."

Neither Mr. Ward nor Mr. Henry acted with the diligence required to ensure that the Rule 30(b)(6) deposition of the University was appropriately noticed and taken before the close of the first phase of discovery. Because the University has since relied on the record as it exists in filing its motion for Summary Judgment on the ministerial exception, it would be unduly prejudicial to the University for the Court to allow Dr. Schmidt to take the Rule 30(b)(6) deposition of the University over a month after the official close of discovery. Dr. Schmidt has not shown the requisite good cause to support an extension of the discovery deadlines to accommodate that deposition.

Nothing in this Order should be construed to limit Dr. Schmidt's ability to notice and take a Rule 30(b)(6) deposition of the University during the merits phase of discovery, should her claims survive the University's Motion for Summary Judgment on the Ministerial Exception.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (Dkt. No. 46) is **DENIED.**


Dated: November 7, 2024                    *s/ John F. Docherty*
                                           JOHN F. DOCHERTY
                                           United States Magistrate Judge