

Lathrop GPM LLP
lathropgpm.com

80 South 8th St.
3100 IDS Center
Minneapolis, MN  55402
Main: 612.632.3000

**Richard C. Landon**
Partner
richard.landon@lathropgpm.com
612.632.3429

December 31, 2025

The Honorable John R. Tunheim  
Sr. U.S. District Judge  
District of Minnesota  
United States District Court  
300 South Fourth Street  
Minneapolis, MN  55415

The Honorable John F. Docherty  
U.S. Magistrate Judge  
District of Minnesota  
United State District Court  
316 North Robert Street  
St. Paul, MN 55101

Re:  *Rolanda Schmidt v. University of Northwestern-St. Paul, et al.*  
Case No. 23-CV-2199 (JRT/JFD)

Dear Judge Tunheim and Docherty:

Defendant University of Northwestern-St Paul (the "University") submits this response to Plaintiff's December 31, 2025, letter to the Court, which appears to misconstrue the status of this case. The Court's June 5, 2025 order on summary judgment did not resolve whether Plaintiff's sole remaining claim—negligent supervision—was barred by the University's affirmative defense based on the ministerial exception. The Court expressly provided that the parties could "engage in more limited discovery on this precise issue (if needed), and then, if warranted, bring a summary judgment motion on the negligent supervision claim so the Court may make a more informed decision on the applicability of the ministerial exception to that claim." (ECF 74 at 22.)

In the six months since the Court's order, Plaintiff has not requested discovery from the University or identified any discovery she believes is necessary to resolve this "precise issue." For the reasons set forth in the University's memorandum in support of its Motion for Summary Judgment on Plaintiff's Negligent Supervision Claim (ECF 77), the University does not believe any additional discovery is necessary to resolve the applicability of the ministerial exception to Plaintiff's remaining claim.

Plaintiff's request for a status conference to address the "Second Phase" of discovery ignores the Court's express instructions remaining the University's affirmative defense, which must be resolved before her only remaining claim can proceed on the merits. If Plaintiff believes that facts are unavailable to her to respond to the University's

December 31, 2025
Page 2

motion requiring additional discovery, the Federal Rules provide a mechanism for her to request relief by affidavit or declaration.

                          Sincerely,

                          /s/ Richard C. Landon

                          Richard C. Landon

cc:     All counsel of record