UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ROLANDA SCHMIDT, | Case No. 23-cv-2199 (JRT/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| UNIVERSITY OF NORTHWESTERN-ST. PAUL, | |
| Defendant. | |

This matter came before the Court after Defendant filed a Motion for Summary Judgment that Plaintiff believes is improper under the operative Pretrial Scheduling Order. Plaintiff asks the Court to schedule a status conference at which plans can be made for discovery related to the applicability of the ministerial exception to Plaintiff's negligent supervision claim. Because the Court finds that the discovery that Plaintiff wishes to engage in is phase one discovery that should, under the Pretrial Scheduling Order, have been completed by July 1, 2024, the Court will require Plaintiff to move to amend the scheduling order to obtain such discovery.

On June 5, 2025, the district judge in this case, the Honorable John R. Tunheim, issued an order on Defendant's Motion for Summary Judgment. (Order on Mot. for Summ. J., Dkt. No. 74.) Judge Tunheim granted summary judgment for the defense on all but one of Plaintiff's claims, a state law negligent supervision claim, which he found had not been comprehensively briefed. In describing the path to resolution of the negligent supervision

1

claim, Judge Tunheim wrote that the parties could "engage in more limited discovery on this precise issue (*if needed*), and then, if warranted, bring a summary judgment motion on the negligent supervision claim so the Court may make a more informed decision on the applicability of the ministerial exception to that claim." (*Id.* at 22 (emphasis added).)

Seven months passed without Plaintiff describing any discovery that she thought was needed on the negligent supervision claim. Defendant, apparently not believing that any additional discovery was needed, filed a motion for summary judgment on the negligent supervision claim on December 31, 2025. (Dkt. No. 75.) In a letter to the Court, Plaintiff objected, asserting that the operative Pretrial Scheduling Order (Dkt. No. 27) required a status conference before such a motion was filed.

Plaintiff mis-reads the scheduling order. The scheduling order contemplates fact discovery occurring in two phases. In the first phase, discovery is directed towards exchanging information that bears on the question of whether Plaintiff "served as a minister." (Scheduling Order 1, Dkt. No. 27.) Then, following "resolution of any dispositive motion on Defendant's ministerial exception defense," merits discovery on Plaintiff's discrimination claim can take place. (*Id.* at 2.) Any such second phase discovery will occur after the Court has convened a status conference. (*Id.*) What Defendant filed on December 31 was a dispositive motion on the ministerial exception defense. Such a motion having been filed, the Court cannot understand why a status conference is called for, since the scheduling order allows for a status conference only after an order resolving such a motion. Plaintiff is not correct in stating that a status conference must take place before another summary judgment motion is filed; what the scheduling order requires is a status

conference before phase two discovery commences. Defendant engaged in no attempt to serve phase two discovery. Instead, Defendant filed a second summary judgment motion that tries to cover the point that Judge Tunheim found inadequately presented, the applicability of the ministerial exception to Plaintiff's negligent supervision defense.

Plaintiff now claims that Defendant should not have filed a summary judgment motion because she was waiting for the Court to convene a status conference. Why Plaintiff waited seven months without contacting the Court, Plaintiff left unexplained. The Court's puzzlement is compounded by Plaintiff's counsel, in a telephone conference call with the Court on Monday, January 12, declining to answer the Court's question about how long Plaintiff would have gone on waiting, even when the Court asked whether Plaintiff would have waited two years.

Additional discovery on the ministerial exception's application to the negligent supervision claim is a type of discovery that the Court finds is phase one discovery. If Plaintiff wishes to engage in phase one discovery at this date, then Plaintiff must move to amend the scheduling order and must satisfy the good cause requirement of Fed. R. Civ. P. 16(a)(4). The Court reminds Plaintiff of its previous Order, dated November 7, 2024, in which it denied Plaintiff's Motion to Compel certain discovery, noticed well beyond the July 1, 2024 fact discovery deadline. (*See* Order Denying Mot. to Compel, Dkt. No. 60.) If Plaintiff files a motion to amend the scheduling order, it should address each of the concerns the Court has identified in this Order.

Date: January 13, 2026                                       s/ *John F. Docherty*
                                                             JOHN F. DOCHERTY
                                                             United States Magistrate Judge